UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENWOOD DIVISION

| | |
|---|---|
| J. WAYNE DOWD AND LYNN G. DOWD, <br><br> Plaintiffs, <br><br> vs. <br><br> THE VIRKLER COMPANY, THE VIRKLER COMPANY SUPPLEMENTAL EXECUTIVE RETIREMENT PLAN, and THE PLAN ADMINISTRATOR FOR THE VIRKLER COMPANY SUPPLEMENTAL EXECUTIVE RETIREMENT PLAN, <br><br> Defendants. | CIVIL ACTION NO. 8:04-23116-HMH <br><br><br><br> **ORDER OF DEFAULT JUDGMENT** |

This matter came before the Court pursuant to the Plaintiffs' Motion for an Order of Default Judgment,

**FINDINGS OF FACT**

The Plaintiffs, J. Wayne Dowd and Lynn G. Dowd, are citizens of South Carolina. They reside in Newberry County, South Carolina. The Virkler Company is a corporation organized and existing under the laws of the State of Delaware and has its principal place of business at 12345 Steele Creek Road, Charlotte, North Carolina 29273. The Virkler Company is the sponsor of The Virkler Company Supplemental Executive Retirement Plan and at all relevant times conducted business and had employees in South Carolina. The Virkler Company Supplemental Executive Retirement Plan (hereafter "the Plan") is an employee benefit plan within the meaning of 29 U.S.C. § 1002. The name of the present Administrator of the Plan is unknown.

1

The amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, the action is between citizens of different states, complete diversity exists between the Plaintiffs and the Defendants and this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, § 1332, 29 U.S.C. § 1132(a)(1)(B), 29 U.S.C. § 1132(c) and 28 U.S.C. § 2201.

On or about December 1, 2001, J. Wayne Dowd (hereafter "Mr. Dowd") was employed by the Virkler Company and had, as of January 15, 2002, completed at least four years of Vesting Service with the Virkler Company (for purposes of vesting in the Plan). As of December 1, 2001, Mr. Dowd was fifty-eight years old. As such, Mr. Dowd was an "Eligible Associate" of The Virkler Company, and the early retirement program offered by The Virkler Company in December of 2001 was available to him.

Mr. Dowd elected to accept the offer of early retirement from The Virkler Company. He made his election to do so between December 18, 2001, and January 15, 2002. Mr. Dowd actually retired from The Virkler Company on or before January 31, 2002. This decision to take early retirement was not rescinded by Mr. Dowd. At the time of his retirement from the Virkler Company, Mr. Dowd was a participant in the Plan. Lynn G. Dowd (hereafter "Mrs. Dowd") was then and is now married to Mr. Dowd and is a beneficiary of the Plan.

W.E. Stanley and Company, Inc. was the Plan Administrator of the Plan as of December 17, 2001. As part of the early retirement program, and on behalf of the Plan sponsor, W.E. Stanley and Company, Inc. prepared for, signed and gave to Mr. Dowd a Description of Retirement Options under the Plan ("Description") showing,

*inter alia*, the benefit options available to him commencing February 1, 2002. The signature of the W.E. Stanley Company, Inc. on the Description bound it, the Plan, and The Virkler Company.

Among the benefit options described on the Description was a "100% joint and survivor annuity." This option would provide Mr. Dowd "with a monthly income for your [Mr. Dowd's] life" and "it would provide the same income for the rest of your [Mr. Dowd's] surviving spouse's [Mrs. Dowd's] life." As part of the early retirement program, and on behalf of the Plan sponsor, the W.E. Stanley Company, Inc. also prepared for and gave to Mr. Dowd The Virkler Company Supplemental Executive Retirement Plan Election Form for Retirement Options commencing on 02/01/2002 ("Election Form").

On January 11, 2002, as part of the early retirement program Mr. Dowd elected to take the Joint and 100% Survivor Annuity payable to him and his surviving spouse. This option was set out in the Election Form and provided that Mr. Dowd and his surviving spouse would receive the monthly sum of One Thousand Seventy-two Dollars and Fifty-seven Cents ($1,072.57) beginning on February 1, 2002, and continuing monthly thereafter through the death of the survivor of Mr. and Mrs. Dowd. The Election Form was signed by both Mr. and Mrs. Dowd and by Marilyn S. Siger as the Plan Representative. The signature of Ms. Siger on the Election Form bound the Plan, the Plan Administrator, and The Virkler Company. Mr. and Mrs. Dowd also initialed and dated the Description. Based on the age of the respective plaintiffs, those monthly benefits would continue for more than 200 months following September of 2004 unless both died prior to reaching their respective life expectancy.

The payment of future benefits under the Plan and/or under the Election Form was part of the consideration for the early retirement of Mr. Dowd from The Virkler Company. Mr. Dowd's accrued benefit as a participant of the Plan became 100% vested and nonforfeitable on January 11, 2002. The Virkler Company paid Mr. Dowd the sum of $1,072.57 beginning in February of 2002 and continuing monthly through September of 2004. By letter dated September 28, 2004, Howard E. Virkler, Chairman of the Board of The Virkler Company, advised Mr. Dowd that Mr. Dowd would receive no further monthly payments.

Thereafter, by letters dated October 7, 2004, and November 3, 2004, Mr. Dowd requested a copy of the Plan documents and documents related to the Plan and, in particular, any documentation relating to the ability of The Virkler Company to stop making the monthly payments under the Supplemental Executive Retirement Plan Benefit Option selected by Mr. and Mrs. Dowd. These requests were ignored until December 14, 2004, after this action had already been filed.

No new plan administrator has been identified. However, under the provisions of Article 14 of the Plan, the Retirement Committee of the Virkler Company is the plan administrator. Therefore, in the absence of a third party administrator, The Virkler Company is the plan administrator.

This action was commenced by the filing of a Summons and Complaint with the Greenwood Division of the District Court of South Carolina on November 30, 2004. Among other things, the Plaintiffs sought a declaration of their rights and of Defendants' obligations under the Plan. All Defendants accepted service of the Summons and Complaint on December 2, 2004. Defendants were then granted an

extension until January 11, 2005, to answer the Complaint. On December 29, 2004, Plaintiffs filed an Amended Complaint, and on January 18, 2005, Plaintiffs and Defendants entered a Consent Order extending the time for Defendants to answer to January 28, 2005. An Affidavit of Default was filed February 15, 2005, as a result of Defendants' continued failure to respond in any way to Plaintiffs' claims. The clerk entered default on February 16, 2005. Following the filing of the Affidavit of Default, the Virkler Company sent Mr. Dowd a check representing the monthly payments due under the Plan through March 2005. The Virkler Company also made the April 2005 and May 2005 payment owed to the Mr. Dowd under the Plan. No counsel has entered an appearance for any defendant in this matter.

## CONCLUSIONS OF LAW

**I.      Plaintiffs are entitled to monthly payments for the remainder of their respective lives under the plain language of the Plan.**

On January 11, 2002, Plaintiffs became 100% vested in the Plan; therefore, the plain language of the Plan entitles Plaintiffs to payments from Defendants of One Thousand Seventy-two Dollars and Fifty-seven Cents ($1,072.57) each month for the remainder of Plaintiffs' lives. Defendants made payments to Plaintiffs under the Plan from February 2002 through April 2005. Plaintiffs are entitled to continued monthly payments from Defendants of One Thousand Seventy-two Dollars and Fifty-seven Cents ($1,072.57) each month through the death of the survivor of Mr. and Mrs. Dowd.

### II. Defendants breached and violated the Plan by failing to make the monthly payments to Plaintiffs from and after September 2004.

Defendants stopped making monthly payments to Plaintiffs. Plaintiffs were and continue to be entitled to those payments from Defendants because Plaintiffs were 100% vested in the Plan as of January 11, 2002. Defendants' failure to make those payments constitutes a breach of Defendants' obligations and a violation of the Plan. The Plaintiffs allege that Article 3 of the Plan entitles Plaintiffs to attorneys' fees and costs as a consequence of Defendants' breach and violation of the Plan in addition to the statutory damages and the actual monthly payments owed by Defendants to Plaintiffs. However, Article 3 is silent regarding attorneys' fees and costs. As such, the court declines to order attorneys' fees and costs to the Plaintiffs. If the Plaintiffs wish the court to reconsider whether they are entitled to attorneys' fees and costs, the Plaintiffs have ten (10) days from the date of this order to provide authority for the award of attorneys' fees and costs to the plaintiffs.

### III. The Virkler Company breached its contract with the Plaintiffs and by defaulting waived all defenses to the cause of action for breach of contract.

The Plaintiffs alleged that the Virkler Company was contractually obligated to make monthly payments of One Thousand Seventy-two Dollars and Fifty-seven Cents ($1,072.57) to them through the death of the survivor. The Virkler Company asserted no defenses to this cause of action. By defaulting, the Virkler Company waived all defenses, including affirmative defenses, which may have been available with regard to this cause of action. The failure of the Virkler Company to make timely monthly payments to Mr. Dowd or his surviving spouse after September 2004

constitutes a breach of contract which entitles the Plaintiffs to judgment against the Virkler Company.

### IV.     Defendants violated 29 U.S.C. § 1024 by not providing Plaintiffs with a copy of the Plan upon written request.

29 U.S.C. § 1024(b)(4) states in pertinent part:

> The administrator shall, upon **written request** of any participant or beneficiary, furnish a copy of the latest updated summary, **plan** description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated.

(emphasis added). Plaintiffs submitted the required written requests on October 7, 2004, and November 3, 2004. Defendants failed to respond to either of Plaintiffs' requests until December 14, 2004, after this litigation was already pending. 29 U.S.C. § 1132(c) addresses penalties for an administrator's failure to respond to written requests under 29 U.S.C. § 1024:

> Any administrator . . . (B) who fails or refuses to comply with a request for any information which such administrator is required by this title to furnish to a participant or beneficiary . . . may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $ 100 a day from the date of such failure . . . .

As a result of Defendants' failure to provide Plaintiffs with a copy of the Plan and related documents after several written demands, Plaintiffs are entitled to statutory penalties under 29 U.S.C. § 1132(c) in the amount Six Thousand Seven Hundred Dollars ($6,700.00), which is One Hundred Dollars ($100.00) a day from October 7, 2004, the date of the first written request, until December 14, 2004 when Defendants finally released the requested information.

THEREFORE IT IS HEREBY ORDERED that judgment be entered against Defendants in the amount of Six Thousand Seven Hundred Dollars ($6,700.00). Defendants are ordered to pay One Thousand Seventy-two Dollars and Fifty-seven Cents ($1,072.57) to the Plaintiffs on the first day of each month after May 2005, through the death of the survivor of Mr. or Mrs. Dowd.  It is further ordered that if the Plaintiffs wish the court to reconsider whether they are entitled to attorneys' fees and costs under the terms of the Plan, the plaintiffs have ten (10) days from the date of this order to provide authority for the award of attorneys' fees and costs to the Plaintiffs.  The court will retain jurisdiction of this matter should this Order require further enforcement.

There exists no reason to delay entry of judgment.  Therefore, the clerk is directed to forthwith enter judgment against each defendant in accordance herewith.

AND IT IS SO ORDERED this 31st day of May, 2005

s/ Henry M. Herlong, Jr.
United States District Judge