UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENWOOD DIVISION

| | |
|---|---|
| J. Wayne Dowd and Lynn G. Dowd, ) | C.A. No. 8:04-23116-HMH |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | **OPINION AND ORDER** |
| The Virkler Company, The Virkler Company Supplemental Executive Retirement Plan, and The Plan Administrator for The Virkler Company Supplemental Executive Retirement Plan, ) ) ) ) ) ) | |
| Defendants. ) | |

This matter is before the court on J. Wayne Dowd and Lynn G. Dowd's ("Plaintiffs") unopposed motion for attorneys' fees pursuant to 29 U.S.C. § 1132(g) (West 1999). On May 31, 2005, the court entered an order in this action governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461 (West 1999 & Supp. 2005), in which the court granted a default judgment in favor of Plaintiffs. In its order of default judgment, the court made four rulings. First, the court declared that Plaintiffs are entitled to monthly payments in the amount of $1,072.57 for the remainder of their respective lives under The Virkler Company Supplemental Executive Retirement Plan ("the Plan"). (Order at 5.) Second, the court found that Defendants violated the Plan by failing to make monthly payments to Plaintiffs in and after September 2004. (Order at 6.) Third, the court determined that Defendants violated their obligations under 29 U.S.C.A. § 1024(b)(4) (West

1

Supp. 2005) by failing to provide a copy of the Plan to Plaintiffs upon request. As a result of this failure, the court awarded Plaintiffs statutory damages in the amount of $6,700. (Order at 7.) Fourth, the court ruled that Defendant The Virkler Company ("Virkler") breached its contract with Plaintiffs by failing to make monthly payments to Plaintiffs. (Order at 6-7.) Plaintiffs now seek attorneys' fees and costs.

## I. Attorneys' Fees and Costs

Under ERISA, a court can award "a reasonable attorneys' fee and costs of [an] action to either party." 29 U.S.C. § 1132(g)(1). There are five factors a district court must consider in determining whether to award fees and costs in an ERISA suit. They are:

> (1) degree of opposing parties' culpability or bad faith;
> (2) ability of opposing parties to satisfy an award of attorneys' fees;
> (3) whether an award of attorneys' fees against the opposing parties would deter other persons acting under similar circumstances;
> (4) whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and
> (5) the relative merits of the parties' positions.

Quesinberry v. Life Ins. Co. of N. Am., 987 F.2d 1017, 1029 (4th Cir. 1993). These five factors "provide[] general guidelines for the district court in determining whether to grant a request for attorneys' fees." Id. "No one of these factors is necessarily decisive, and some may not be apropos in a given case, but together they are the nuclei of concerns that a court should address in applying section [1132(g)]." Id. (internal quotations marks omitted). A decision to award attorneys' fees is in the sole discretion of the district court. See id.

2

### 1. Degree of opposing parties' culpability or bad faith

"[M]ere negligence or error does not constitute bad faith." Wheeler v. Dynamic Eng'g, Inc., 62 F.3d 634, 640 (4th Cir. 1995). "Bad faith is evidenced by an intentional advancement of a baseless contention . . . made for ulterior purposes." Childers v. MedStar Health, Inc., 289 F. Supp. 2d 714, 718 (D. Md. 2003) (internal quotation marks omitted). In violation of the plain language of the Plan, Defendants stopped making timely payments to Plaintiffs in September 2004. Defendants also ignored multiple requests from Plaintiffs for Plan documents in violation of § 1024(b)(4). Plaintiffs' requests for Plan documents were heeded only after the filing of this litigation. Further, even though Defendants were aware of this litigation, they failed to defend and, as a result, were held in default. The court finds that these circumstances demonstrate Defendants' bad faith. Therefore, this factor weighs in favor of an award of attorneys' fees.

### 2. Ability of opposing parties to satisfy an award of attorneys' fees

The court finds that Defendants and in particular, the Plan, have the ability to satisfy an award of attorneys' fees. Therefore, this factor weighs in favor of an award of attorneys' fees.

### 3. Whether an award of attorneys' fees against the opposing parties would deter other persons acting under similar circumstances

Plaintiffs allege that this factor favors an award of attorneys' fees because it would encourage Defendants to comply with their obligations under the Plan in the future. The court agrees. In addition, the court finds an award of attorneys fees particularly appropriate in this case, where Defendants waited to answer Plaintiffs' multiple requests for Plan documents until

after the filing of this litigation.  An award of attorneys' fees would deter Defendants and other persons in similar circumstances from acting in such a dilatory manner which, in part, required Plaintiffs to commence this civil action.

### 4. Whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself

This factor does not apply to the facts of this case.  Therefore, the court finds that this factor carries no weight in deciding Plaintiffs' motion for attorneys' fees.

### 5. The relative merits of the parties' positions

The court found Defendants in violation of the Plan, and Defendants failed to offer any defense for their failure to comply with the Plan.  As such, the court finds that this factor weighs in favor of an award of attorneys' fees.

Based on the foregoing, the court finds that Plaintiffs are entitled to reasonable attorneys' fees and costs.

## II. Reasonableness of Attorneys' Fees and Costs

In determining what is reasonable, the district court generally considers the following factors:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorneys' opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorneys' expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

4

Brodziak v. Runyon, 145 F.3d 194, 196 (4th Cir. 1998) (internal quotation marks omitted).

Plaintiffs submit evidence documenting the labor and time counsel spent on this action through May 31, 2005–the date on which the court entered an order of default judgment--and then, thereafter, in preparing and filing the petition for attorneys' fees. The time spent by counsel through May 31, 2005, totals 60.8 hours. (Pet. Att'ys Fees Ex. A (Aff. of Robert W. Dibble, Jr. ("Dibble") and accompanying documentation).) In preparing the fee petition and accompanying affidavits and documentation, counsel spent 28.7 hours. (Id. Ex. B (Aff. of Jane W. Trinkley ("Trinkley") and accompanying documentation).) Taken together, the documentation demonstrates that Dibble spent 20 hours, Trinkley spent 16 hours, Jonathan H. Nason ("Nason") spent 6 hours, R. Griffin Littlejohn ("Littlejohn") spent 36.5 hours, Ann Shuler ("Shuler") spent 9.4 hours, Sharon C. Bramlett ("Bramlett") spent .2 hours, Allan W. Singer ("Singer") spent .4 hours, and A. Nelson Friend ("Friend") spent .5 hours on this action. (Id. Exs. A (Dibble Aff.) and B (Trinkley Aff.) and accompanying documentation).)

The court finds the time and labor Plaintiffs' counsel devoted to this action through May 31, 2005, is reasonable, particularly in light of the following facts. First, the amount at issue was significant, $1,072.57 per month for the remainder of Plaintiffs' respective lives. The issues presented were somewhat complex in light of the company-specific plan at issue, a supplemental executive retirement plan which differs from other more commonly litigated types of employee benefit plans. In addition, counsel sought to obtain relief for their clients as quickly as possible because of Plaintiffs' dependance on monthly Plan payments for financial support. To this end, counsel succeeded in obtaining the requested relief, despite Defendants' actions delaying the expeditious resolution of Plaintiffs' claims. Before filing this

action, Defendants ignored Plaintiffs' multiple requests for Plan documents.  Then, after filing this litigation, Defendants requested an extension of time to answer the amended complaint.  Despite this court's order granting an extension to Defendants, Defendants failed to answer.  The court further finds the amount of time counsel spent in preparation of the petition for attorneys' fees reasonable and in accord with the scope of the issue now before the court.

Plaintiffs also submit evidence of the hourly billing rate for those persons who worked on this case.  In 2005, Dibble bills at $450.00 per hour, while Trinkley and Nason bill at $350.00 per hour.  Although Dibble customarily bills at $450.00 per hour, "Plaintiffs are only seeking an hourly rate of $350.00 for Dibble."  (Id. at 13.)  Littlejohn and Shuler bill at $115.00 per hour.  (Id. Exs. A (Dibble Aff.) and B (Trinkley Aff.) and accompanying documentation.)

The court finds the hourly rates of $350.00 charged by Dibble, Trinkley, and Nason reasonable.  Trinkley and Nason are both experts in the field of ERISA.  While Dibble has no particular expertise in the field of ERISA, Dibble is a well-qualified and experienced trial attorney.  Therefore, the court finds $350.00 a reasonable hourly rate for the time Dibble spent on this case.  The court further finds the $115.00 hourly rate for Littlejohn and Shuler reasonable for persons working at their respective levels of experience.  Littlejohn is an inexperienced attorney, while Shuler is an experienced paralegal.  As to the minimal amount of time billed by Bramlett, Singer, and Friend, the court finds the rates of those persons reasonable as well.

6

After considering the factors set forth in Brodziak, the court finds that $21,167.27 is a reasonable award of attorneys' fees and costs. This award reflects an award of $20,166.00 in professional and legal services and $1,001.27 in costs and expenses.

Therefore, it is

**ORDERED** that the plaintiffs are awarded attorneys' fees in the amount of $20,166.00 and costs in the amount of $1,001.27.

**IT IS SO ORDERED**.

                                              s/ Henry M. Herlong, Jr.
                                              United States District Judge

Greenville, South Carolina
August 16, 2005